**MARK T. SOPHOCLES, ESQUIRE**
**PA SUPREME COURT I.D. 74998**
**21 INDUSTRIAL BLVD., SUITE 201**
**PAOLI, PA 19301**
**PHN: 610-651-0105**
**FAX: 610-651-0106**
**MARK@SOPHOCLESLAW.COM**

**ATTORNEY FOR DEFENDANT**
*PRIME INSURANCE PROVIDERS, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEWART ABRAMSON, individually and on behalf of all others similarly situated,** *PLAINTIFF,* | : |
| | : |
| | : |
| | : |
| v. | : **CIVIL ACTION NO. 2:26-CV-00583** |
| | : |
| **PRIME INSURANCE PROVIDERS, LLC,** *DEFENDANT.* | : |
| | : |

## DEFENDANT PRIME INSURANCE PROVIDERS, LLC'S
## MOTION TO DISMISS COMPLAINT
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant Prime Insurance Providers, LLC ("Prime"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves to dismiss Plaintiff's Class Action Complaint for failure to state a claim upon which relief can be granted.

In support of this Motion, Defendant Prime Insurance Providers, LLC hereby states as follows:

1. Plaintiff's Complaint asserts extremely broad claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, based upon alleged prerecorded telemarketing calls purportedly received by Plaintiff.

2. The Complaint fails to allege facts plausibly establishing that Prime initiated or placed any of the calls at issue or that Prime controlled, managed or directed any agent to perform tasks in concert with Prime.

3. The Complaint further fails to allege facts plausibly establishing actual authority, apparent authority, ratification, or any other basis for imposing vicarious liability upon Prime for the acts of unidentified third parties.

4. Plaintiff's allegations regarding the use of an automatic telephone dialing system ("ATDS") are conclusory and fail to satisfy the pleading standards articulated in **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544 (2007), **Ashcroft v. Iqbal**, 556 U.S. 662 (2009), and **Facebook, Inc. v. Duguid,** 592 U.S. 395 (2021).

5. Because Plaintiff in his Civil Action Complaint patently fails to state any cogent or viable individual TCPA claim, the derivative class allegations likewise fail.

6. The grounds supporting dismissal are set forth more fully in Defendant's Brief in Support of Motion to Dismiss, filed contemporaneously herewith and incorporated herein by reference as if fully adopted herein.

**WHEREFORE,** Defendant Prime Insurance Providers, LLC respectfully requests that this Honorable Court:

A. Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6);

B. Dismiss Plaintiff's class allegations;

C. Enter judgment in favor of Defendant and against Plaintiff; and

D. Grant such other and further relief as the Court deems just and proper

Respectfully submitted,

MARK T. SOPHOCLES, ESQUIRE
*ATTORNEY FOR DEFENDANT,*
*PRIME INSURANCE PROVIDERS, LLC*