**MARK T. SOPHOCLES, ESQUIRE**
**PA SUPREME COURT I.D. 74998**
**21 INDUSTRIAL BLVD., SUITE 201**
**PAOLI, PA 19301**
**PHN: 610-651-0105**
**FAX: 610-651-0106**
**MARK@SOPHOCLESLAW.COM**

**ATTORNEY FOR DEFENDANT**
*PRIME INSURANCE PROVIDERS, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEWART ABRAMSON, individually and on behalf of all others similarly situated,** *PLAINTIFF,* | : <br> : <br> : <br> : |
| v. | : **CIVIL ACTION NO. 2:26-CV-00583** |
| | : |
| **PRIME INSURANCE PROVIDERS, LLC,** *DEFENDANT.* | : <br> : |

**DEFENDANT PRIME INSURANCE PROVIDERS, LLC'S BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

**I.  INTRODUCTION**

Plaintiff seeks to impose liability under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, upon Prime Insurance Providers, LLC ("Prime") based upon alleged prerecorded telemarketing calls purportedly received in early 2026. The Complaint, however, does not allege facts plausibly establishing that Prime initiated the calls, that the unidentified callers acted as Prime's agents, or that Prime may otherwise be held vicariously liable for the conduct alleged. Rather, Plaintiff alleges only that he received prerecorded messages from an individual identified as "Stacy" with "The State Resource Center," and that he was subsequently transferred to a licensed insurance agent. Those allegations do not plausibly establish that Prime placed the calls, directed the calls, authorized the calls, controlled the callers, or ratified any allegedly unlawful conduct.

The Complaint likewise fails to plead facts satisfying the statutory definition of an automatic telephone dialing system ("ATDS") under **Facebook, Inc. v. Duguid**, 592 U.S. 395 (2021). Instead, Plaintiff merely alleges that Defendant utilized technology capable of generating large volumes of calls, which is insufficient as a matter of law.

Because the Complaint consists primarily of conclusory assertions and legal conclusions unsupported by factual allegations, it fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6).

## II.    **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570 (2007).

A pleading that offers only labels, conclusions, or a formulaic recitation of the elements of a cause of action is insufficient. Id. at 555. Courts need not accept legal conclusions couched as factual allegations. **Ashcroft v. Iqbal**, 556 U.S. 662, 678-79 (2009).

The Third Circuit applies a three-step analysis requiring courts to identify the elements of the claim, disregard conclusory allegations, and determine whether the remaining factual allegations plausibly establish entitlement to relief. **Fowler v. UPMC Shadyside**, 578 F.3d 203, 210-11 (3d Cir. 2009).

Under Rule 12(b)(6), a Complaint must be dismissed for "failure to state a claim upon which relief can be granted."

Specifically, it is clear that while overly specific detailed factual pleading is not required – Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief."

However, the Complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible claim for relief. **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009). The plausibility standard does not require a showing of probability that a claim has merit, **Bell Atlantic Corp. v. Twombly,** 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." **Iqba**l, 556 U.S. at 678. Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

**In Connelly v. Steel Valley Sch. Dist.,** 706 F.3d 209, 212 (3d Cir. 2013) ,the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

First, the court must take note of the elements a plaintiff must plead to state a claim.

Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.

Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. See **Connelly v. Steel Valley Sch. Dist.,** 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

In **In Connelly v. Steel Valley Sch. Dist**, the Third Circuit stated that the third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." **Covington v. Int'l Ass'n of Approved Basketball Officials**, 710 F.3d 114, 118 (3d Cir. 2013); see also **Santiago v. Warminster Twp.,** 629 F.3d 121, 130 (3d Cir. 2010) (In reference to third step, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.").

When adjudicating a Motion to Dismiss like the instant Motion, the Court must look to the specific nature of the allegations to determine salient allegations and whether these allegations are adequate as plead.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. **Twombly,** 550 U.S. at 563 n.8.

It is necessary and proper for the Court to preliminarily assess the nature of the pleading allegations to determine whether the facts as specifically alleged create a reasonable expectation that discovery will reveal evidence of the necessary elements plead as part of the cause of action. Id. at 556.

a Complaint that provides sufficiently adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. **Fowler,** 578 F.3d at 212.

A Motion to Dismiss should be granted if a party fails to allege facts, which could, if established at trial, entitle him/her to relief. **Twombly,** 550 U.S. at 563 n.8.

## III.   <u>ARGUMENT</u>

**A. The Complaint Fails To Plausibly Allege That Prime Initiated The Calls.**

The TCPA imposes liability upon persons or entities that make or initiate prohibited calls. The Complaint does not allege facts showing that Prime itself placed any call to Plaintiff.

Instead, Plaintiff alleges that prerecorded messages were delivered by an individual identified as "Stacy" with "The State Resource Center." Complaint ¶¶ 16-17. The Complaint contains no factual allegations explaining the relationship, if any, between Prime and "The State Resource Center."

The Complaint does not allege:

• that Prime owned or operated The State Resource Center;

• that Prime employed the callers;

• that Prime directed the callers;

• that Prime controlled the content of the calls;

• that Prime selected the recipients of the calls; or

• that Prime operated the dialing platform used to place the calls.

The mere allegation that Plaintiff was eventually transferred to an insurance agent associated with Prime does not plausibly establish that Prime initiated the calls at issue.

At most, the Complaint alleges that unidentified third parties placed calls that ultimately resulted in a transfer to a licensed insurance agent. Such allegations are insufficient to plausibly establish direct TCPA liability.

Accordingly, Plaintiff fails to plead facts establishing that Prime initiated the challenged calls.

**B. The Complaint Fails To Plead Facts Establishing Actual Authority, Apparent Authority, or Ratification.**

To the extent Plaintiff seeks to impose liability under a theory of vicarious liability, the Complaint likewise fails.

The Federal Communications Commission has recognized that TCPA liability may be imposed upon a seller based upon federal common-law agency principles, including actual authority, apparent authority, and ratification. **In re DISH Network, LLC**, 28 FCC Rcd. 6574, 6584-95 (2013).

Here, the Complaint contains no factual allegations plausibly supporting any such theory.

The Complaint does not allege facts demonstrating:

• that Prime exercised control over the manner and means of the callers' conduct;

• that Prime authorized the specific telemarketing practices alleged;

• that Prime possessed the right to control the calling campaign;

• that the callers represented themselves as agents of Prime; or

• that Prime knowingly accepted and ratified unlawful conduct.

Instead, Plaintiff merely alleges that the calls were "for the benefit of Defendant" and formed part of Defendant's "marketing and sales pipeline." Complaint ¶¶ 21-22.

These allegations constitute legal conclusions rather than factual allegations. Under **Twombly** and **Iqbal**, such conclusory assertions are insufficient to plausibly establish an agency relationship.

Numerous courts have rejected similar attempts to impose TCPA liability based solely upon allegations that a defendant benefitted from a marketing campaign. See **Jones v. Royal Administration Services, Inc.**, 887 F.3d 443, 450-52 (9th Cir. 2018); **Kristensen v. Credit Payment Services, Inc.**, 879 F.3d 1010, 1014-15 (9th Cir. 2018).

Because Plaintiff fails to plead facts establishing actual authority, apparent authority, or ratification, the Complaint fails to state a claim for vicarious TCPA liability.

**C. The Complaint Fails To Plead Use Of An ATDS Under Facebook v. Duguid.**

The Complaint also fails to plausibly allege use of an ATDS.

The Supreme Court held in **Facebook, Inc. v. Duguid** that equipment qualifies as an ATDS only if it uses a random or sequential number generator to store or produce telephone numbers. 592 U.S. 395, 399-401 (2021).

Plaintiff alleges only that Defendant used technology "capable of generating thousands of similar calls per day." Complaint ¶ 4.

That allegation does not satisfy **Duguid**.

The Complaint contains no factual allegations that any equipment used a random number generator, a sequential number generator, or stored numbers using such a generator. Instead,

Plaintiff relies exclusively upon generalized allegations concerning the volume of calls allegedly made.

Such allegations are insufficient as a matter of law and fail to plausibly allege use of an ATDS under the TCPA.

**D. Plaintiff's Class Allegations Are Entirely Derivative Of Deficient Individual Claims.**

Plaintiff's proposed class claims necessarily depend upon the viability of his individual TCPA claim.

Because Plaintiff fails to plausibly allege that Prime initiated the calls at issue, fails to plausibly allege agency or vicarious liability, and fails to plausibly allege use of an ATDS, the class allegations likewise fail.

Moreover, the Complaint contains no non-conclusory factual allegations demonstrating the existence of a common telemarketing campaign attributable to Prime, the identity of purported class members, or facts establishing that common issues predominate.

Accordingly, dismissal of the Complaint necessarily requires dismissal of the class allegations.

IV.    **CONCLUSION**

For the foregoing reasons, Defendant Prime Insurance Providers, LLC respectfully requests that this Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), dismiss the class allegations, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

Respectfully submitted,

MARK THOMAS SOPHOCLES, LLC

MARK T. SOPHOCLES, ESQUIRE
PA ATTY I.D. 74998
21 Industrial Blvd., Suite 201
Paoli, PA 19301
Phn: 610-651-0105
Fax: 610-651-0106
Mark@Sophocleslaw.com

*ATTORNEY FOR DEFENDANT,*
*PRIME INSURANCE PROVIDERS, LLC*