**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff<br><br>vs.<br><br>PRIME INSURANCE PROVIDERS, LLC<br><br>    Defendant. | Case No. 26-cv-583 |

## **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

### **INTRODUCTION**

Defendant's Motion to Dismiss asks this Court to ignore well-pleaded factual allegations and draw inferences in Defendant's favor. That is not the Rule 12(b)(6) standard. The Complaint alleges that Plaintiff received more than ten substantially identical prerecorded telemarketing calls, that the calls exhibited hallmarks of artificial or prerecorded voice technology, that Plaintiff was transferred through the telemarketing process to a licensed insurance agent affiliated with Defendant, and that the insurance policy ultimately offered to Plaintiff resulted from the challenged telemarketing campaign. ECF No. 1, Compl. ¶¶ 15-22.

Those allegations plausibly support the inference that Defendant participated in, benefitted from, authorized, or ratified the telemarketing campaign. Unable to overcome those factual allegations, Defendant instead asks the Court to accept its competing interpretation of the facts, particularly with respect to the reference to "The State Resource Center." But resolving competing factual inferences is not the function of a Rule 12(b)(6) motion. At this stage, the

Court must accept Plaintiff's allegations as true and draw all reasonable inferences in Plaintiff's favor.

Defendant's motion fares no better with respect to its challenge to Plaintiff's purported ATDS allegations. Plaintiff has not asserted an ATDS claim. Rather, Plaintiff alleges violations arising from prerecorded and artificial voice messages, a separate theory of liability expressly recognized by the TCPA. Defendant's attack on a claim that does not exist cannot support dismissal.

Because the Complaint easily satisfies Rule 8's pleading requirements and plausibly alleges violations of the TCPA, Defendant's Motion to Dismiss should be denied in its entirety.

## **FACTS**

Defendant Prime Insurance Providers, LLC markets and sells insurance-related products and services. ECF No. 1, Compl. ¶ 11. Plaintiff Stewart Abramson is the subscriber and regular user of the residential telephone numbers ending in 2147 and 1201. *Id.* ¶ 13. Plaintiff never requested information from Defendant and never provided consent to receive telemarketing calls from Defendant. *Id.* ¶¶ 14, 26.

Between approximately January 7, 2026, and March 12, 2026, Plaintiff received multiple telemarketing calls featuring artificial and or prerecorded voice messages. *Id.* ¶ 15. During that period, Plaintiff received more than ten substantially identical calls containing prerecorded messages from an individual identifying herself as "Stacy" with "The State Resource Center." *Id.* ¶ 16.

The calls bore numerous hallmarks of artificial or prerecorded voice technology, including a consistent and unnatural cadence, identical phrasing and inflection across calls, an inability to respond to questions or interruptions, and a noticeable delay before transfer to a live

agent. *Id.* ¶ 17. These characteristics are consistent with automated or prerecorded voice technology rather than a live human caller. *Id.*

During at least one of the calls, Plaintiff was transferred through the telemarketing system to licensed insurance agent Joyce Sanchez Espinoza. *Id.* ¶ 18. The insurance policy ultimately offered to Plaintiff was issued following the telemarketing calls. *Id.* ¶ 19. The licensed agent confirmed that she worked for Prime Insurance Providers, LLC and used contact information associated with Defendant. *Id.* ¶ 20. Based upon these facts, Plaintiff alleges that the telemarketing campaign was conducted for Defendant's benefit and formed part of Defendant's marketing and sales pipeline. *Id.* ¶¶ 21-22. Plaintiff further alleges that the calls were made to generate leads and sales for Defendant's insurance products and services and that Defendant benefited from and ratified the telemarketing activity. *Id.*

As a result of the unwanted telemarketing calls, Plaintiff suffered invasion of privacy, nuisance, annoyance, and disruption of the peaceful use of his telephone. *Id.* ¶¶ 23-28. Plaintiff commenced this action on behalf of himself and a proposed nationwide class asserting violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. *Id.* ¶¶ 29-51.

## LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint that fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rather than require detailed pleadings, the Rules demand only a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give defendant fair notice of what the claim is and the grounds upon which it rests." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (cleaned up). The

3

requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Connelly*, 809 F.3d at 786–87. After identifying elements to set forth a claim and removing conclusory allegations, the Court must accept all well-pled factual allegations as true and determine if they give rise to relief. *Id.* A complaint may be dismissed only where it appears that there are not "enough facts to state a claim that is plausible on its face," not merely because the defendant proffers some contrary facts. *Twombly*, 550 U.S. at 570.

## LAW AND ARGUMENT

### I.   The Complaint Plausibly Alleges that Defendant Directly Initiated the Telemarketing Calls.

Defendant's contention that Plaintiff fails to plausibly allege direct liability under the TCPA is incorrect and rests on a mischaracterization of both the pleading standard and the factual allegations in the Complaint. At the Rule 12 stage, Plaintiff is not required to prove his case or establish liability by a preponderance of the evidence. Rather, Plaintiff must allege facts that plausibly support the inference that Defendant itself initiated the unlawful telemarketing communications. Plaintiff has done exactly that here.

At the pleading stage, Plaintiff need not prove the precise mechanics of Defendant's telemarketing operation. He need only allege enough facts to permit a reasonable inference that Defendant directly initiated the communications or is otherwise legally responsible for them.

Courts routinely reject arguments like Defendant's where, as here, the complaint alleges facts connecting the challenged telemarketing calls to the defendant's products, sales process, and

4

agents. Those allegations support a reasonable inference of direct involvement sufficient to survive a motion to dismiss. "At first glance, these allegations seem like a strong basis for attributing the … [calls and text] to the Defendant. After all, when a person introduces herself across the table as Olivia or Emma --- we generally conclude without much hesitation that is indeed who she is." *See Bradshaw v. CHW Grp., Inc.*, No. 24-cv-00114 (MEF)(JBC), 2025 U.S. Dist. LEXIS 13649, at *5-6 (D.N.J. Jan. 24, 2025) ("So too as to the December 8 call. The caller allegedly introduced herself as 'Erica . . . from the Defendant.' Why then would it not be plausible to conclude that she was, in fact, 'Erica . . . from the Defendant'?").

Indeed, the Complaint alleges substantially more than a bare assertion that Defendant was connected to the challenged calls. Plaintiff alleges that Defendant markets and sells insurance-related products and services, including policies issued through American Amicable. Compl. ¶ 11. Plaintiff further alleges that between January 7, 2026, and March 12, 2026, he received more than ten substantially identical telemarketing calls containing prerecorded messages from an individual identifying herself as "Stacy" with "The State Resource Center." *Id.* ¶¶ 15-17.

Most importantly, Plaintiff alleges that during at least one of those calls he was transferred through the telemarketing system to licensed insurance agent Joyce Sanchez Espinoza. *Id.* ¶ 18. Plaintiff further alleges that the insurance policy ultimately offered to him was issued following the challenged telemarketing calls, and that the licensed agent confirmed she worked for Prime Insurance Providers, LLC and used Defendant's contact information. *Id.* ¶¶ 19-20. Based on those facts, Plaintiff alleges that the calls formed part of Defendant's marketing and sales pipeline, were made for the purpose of generating leads and sales for Defendant's insurance products and services, and directly resulted in the sale of an insurance policy connected to Defendant. *Id.* ¶¶ 21-22.

5

Taken as true, these allegations permit a far stronger inference than the complaints at issue in many TCPA cases denying dismissal. Plaintiff does not merely allege that Defendant's products were mentioned during a call. Rather, Plaintiff alleges that the telemarketing campaign culminated in a transfer to Defendant's licensed insurance agent, that Defendant's agent confirmed her affiliation with Prime, and that the policy offered to Plaintiff resulted from the telemarketing effort. Those allegations plausibly support the inference that Defendant initiated, authorized, or otherwise directly participated in the challenged telemarketing campaign.

"The logic of this approach is reflected in the decisions of any number of federal courts. *See, e.g., Marks v. Unique Lifestyle Vacations, LLC*, 2024 U.S. Dist. LEXIS 41804, 2024 WL 1051974, at *3 (E.D. Pa. Mar. 11, 2024); *Katz v. CHW Grp., Inc.*, 2023 U.S. Dist. LEXIS 176206, 2023 WL 6445798, at *4 (W.D. Ark. Sept. 29, 2023); *Smith v. Am.-Amicable Life Ins. Co.*, 2022 U.S. Dist. LEXIS 62115 at *2 (E.D. Pa. Apr. 4, 2022); *Adam v. CHW Grp., Inc.*, 2021 U.S. Dist. LEXIS 170620, 2021 WL 7285905, at *5 (N.D. Iowa Sept. 9, 2021)." *Id.*; *accord Taylor v. Suntuity Solar L.L.C.*, No. 8:23-cv-00694-MSS-AEP, 2024 U.S. Dist. LEXIS 38838, at *15-16 (M.D. Fla. Mar. 6, 2024) ("Plaintiff's allegations are sufficient to plead a claim for Defendant's direct liability under the TCPA at this stage. Plaintiff alleges Defendant initiated the telemarketing calls. Specifically, Plaintiff alleges, 'The Plaintiff received calls from Suntuity Solar on at least January 31 and February 8, 2023.' Plaintiff further alleges: 'During both calls, Plaintiff was initially provided a generic, fake name, "solar of America."' 'The only real company identified during the calls was Suntuity.'" (cleaned up)); *Stemke v. Marc Jones Constr., LLC*, No. 5:21-cv-274-30PRL, 2021 U.S. Dist. LEXIS 181916, at *6-7 (M.D. Fla. Sep. 23, 2021) ("Sunpro's motion to dismiss goes beyond the pleading to challenge the merits of the alleged facts. Indeed, the crux of Sunpro's motion questions Plaintiff's allegations that Sunpro placed the

6

subject calls. For example, Sunpro argues that Plaintiff fails to 'support' a plausible inference that Sunpro is directly or vicariously liable for the calls Plaintiff received because she does not allege facts that associate Sunpro to the calls allegedly at issue. But a review of the Amended Complaint belies this argument—Plaintiff alleges several times that she or her attorneys confirmed that Sunpro placed the subject calls. Plaintiff even includes the phone numbers and the dates she received the calls."); *see also Slominski v. Globe Life Inc.*, No. 7:23-CV-1081-D, 2024 U.S. Dist. LEXIS 24378, at *15 (E.D.N.C. Feb. 12, 2024) ("Slominski alleges that on March 14 and March 15, 2023, she received calls and voicemail messages on her cell phone that asked her to call Globe. The voicemail messages concerned 'an insurance plan.' Globe sells insurance plans. … Defendants contend Slominski fails to plausibly attribute the alleged prerecorded voicemail messages to Globe. Slominski, however, plausibly alleges enough information about the contents of the voicemail messages she received on March 14 and March 15, 2023, to survive a motion to dismiss." (cleaned up)).

Defendant's argument improperly treats the reference to "The State Resource Center" as dispositive proof that Defendant could not have initiated or been responsible for the challenged telemarketing calls. The Complaint, however, alleges a complete sequence of events, not an isolated statement made at the beginning of the call. Plaintiff alleges that the prerecorded messages identified the caller as "Stacy" from "The State Resource Center," but further alleges that the telemarketing system transferred him to licensed insurance agent Joyce Sanchez Espinoza, that the agent confirmed she worked for Prime Insurance Providers, LLC, and that the insurance policy offered to Plaintiff resulted from the telemarketing campaign. Compl. ¶¶ 16, 18-22.

At the pleading stage, the Court must draw reasonable inferences in Plaintiff's favor. One reasonable inference is that "The State Resource Center" was merely a trade name, lead generator, marketing vendor, transfer partner, or fictitious name used as part of Defendant's telemarketing process. Another reasonable inference is that the prerecorded messages were designed to generate insurance leads that were then transferred directly into Defendant's sales pipeline. Indeed, if anything, the allegations that the calls culminated in a transfer to Defendant's licensed insurance agent and the offering of Defendant's insurance products make it plausible— not implausible—that the telemarketing campaign was conducted for Defendant's benefit and as part of Defendant's customer acquisition process. Defendant's contrary explanation merely presents an alternative factual inference, and the Court may not adopt Defendant's preferred inference over Plaintiff's at this stage of the proceedings.

Significantly, "because the TCPA is a remedial statute, it should be construed to benefit consumers." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3d Cir. 2013). Just as the court in *Bradshaw* found it plausible to believe a caller who identified herself as being "from the Defendant," it is equally plausible here to infer that a prerecorded lead-generation campaign which culminates in a transfer to Prime's own licensed agent was conducted on Prime's behalf. Defendant's argument asks the Court to disregard the remainder of the telemarketing transaction and focus solely on the introductory phrase "The State Resource Center," which is contrary to the Rule 12(b)(6) standard.

At bottom, Defendant asks this Court to resolve factual disputes and draw inferences in Defendant's favor, which is improper on a motion to dismiss. Taking the allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Complaint plausibly alleges that

Defendant directly initiated the unlawful telemarketing messages at issue. That is sufficient to state a claim for direct liability under the TCPA.

## II.   Plaintiff pleads no ATDS claim.

Perplexingly, Defendant claims that the calls did not violate the TCPA's Automatic Telephone Dialing System (ATDS) provisions. But the Plaintiff asserts no claims for violations of the TCPA's ATDS provisions. The Complaint repeatedly alleges the use of artificial and/or prerecorded voice messages. Compl. ¶¶ 12, 15–17, 31, 48. Section 227(b) independently prohibits certain calls utilizing artificial or prerecorded voices.  Indeed, every substantive allegation in the Complaint concerns prerecorded or artificial voice messages rather than the use of an ATDS.

Defendant's motion effectively attacks a claim that Plaintiff never asserted. Nothing in the Complaint alleges liability under the TCPA's ATDS provisions, and the Complaint does not depend upon proof that Defendant used equipment meeting the statutory definition of an automatic telephone dialing system. Instead, Plaintiff alleges that Defendant used artificial and/or prerecorded voice messages, which independently violate the TCPA. Accordingly, Defendant's discussion of *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021), is beside the point and provides no basis for dismissal.

## III.   Complaint's class allegations should not be struck because the Plaintiff's claim survives.

Defendant's request to dismiss the class allegations is entirely derivative of its merits arguments. Because Plaintiff has adequately stated an individual TCPA claim, dismissal of the class allegations is unwarranted.

Furthermore, motions attacking Rule 23 allegations at the pleading stage are generally disfavored because class certification issues are best addressed on a developed factual record. Plaintiff has alleged a common telemarketing campaign, a uniform prerecorded message, and a class identifiable through Defendant's records. Compl. ¶¶ 30–44. Indeed, it will be discovery that addresses the Plaintiff's allegations as the Third Circuit explained in a TCPA case, *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93-95 & n.30 (3d Cir. 2011) (holding that a court may deny class certification before discovery only if the "complaint itself demonstrates that the requirements for maintaining a class action cannot be met," and explaining that "in the specific context of claims filed under the TCPA statute, it is difficult to resolve without discovery whether there are factual issues).

**CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety.

The Complaint plausibly alleges that Defendant participated in the prerecorded telemarketing campaign at issue. Plaintiff's allegations are more than sufficient to satisfy Rule 8 and state a claim for relief under the TCPA. Moreover, Defendant's arguments concerning the TCPA's ATDS provisions are misplaced because Plaintiff asserts no such claim. Finally, because Plaintiff's individual claim survives, Defendant's request to strike or dismiss the class allegations likewise must be denied.

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss, deny Defendant's request to dismiss the class allegations, and grant such other and further relief as the Court deems just and proper.

Plaintiff,
By Counsel

Dated: June 12, 2026

By: */s/ Anthony I. Paronich*
Anthony I. Paronich *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com